NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-07-HRW

KEVIN WONGUS                                                                          PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                  RESPONDENT


Kevin Wongus is a prisoner incarcerated at the Federal Correctional Institution located

in Ashland, Kentucky ("FCI-Ashland"). He has filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. §2241 [Record No. 2]. Having paid the filing fee, this matter is now

before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th

Cir. 2002).

As Wongus is appearing *pro se*, his petition is held to less stringent standards than those

drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190

F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true

and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But

the Court may dismiss the petition at any time, or make any such disposition as law and justice

require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v.*

*Braunskill*, 481 U.S. 770, 775 (1987).

PROCEDURAL HISTORY
1.  Conviction and Appeal

In June, 1999, the petitioner was convicted in the United States District Court for the

Eastern District of Pennsylvania (at Philadelphia) of being a convicted felon in possession of a

firearm in violation of 18 U.S.C. §922(g).  *See United States of America v. Kevin Wongus* 99-

CR-0076-BWK-1 (Hon. Bruce W. Kauffman, presiding) ("the Trial Court Action").  In March,

2000, the petitioner was sentenced to a 188-month term of imprisonment, plus a five-year term

of supervised release.

On appeal, the petitioner argued that he had received ineffective assistance of counsel and

that new evidence demonstrated his innocence.  On appeal, the Third Circuit affirmed his

criminal conviction. *See United States v. Wongus*, 254 F.3d 1079 (3rd Cir.) (Table), *cert. denied*,

534 U.S. 852 (2001).  The Third Circuit dismissed the ineffective assistance of counsel claim,

holding that such collateral attacks must be pursued on a 28 U.S.C. §2255 motion, rather than

a direct appeal.  The Third Circuit also denied the petitioner's argument that he had new

evidence, holding that the evidence the petitioner cited was cumulative.

2.  §2255 Motion in the Trial Court

On May 31, 2002, over two years after the petitioner was convicted in the Trial Court

Action, the petitioner filed a Motion to Vacate, Set Aside or Correct his sentence, under 28

U.S.C.  §2255.  The petitioner argued that he had received ineffective assistance of counsel at

trial.  The petitioner's claim was based on an affidavit provided by ballistics expert George E.

Fassnacht, who challenged Police Officer Harrison's version of the facts.  Harrison had testified

that the petitioner had thrown a gun to the ground during his arrest, and that when the gun was

2

thrown, the cartridge either discharged or became disassembled.  Fassnacht attested that neither

he nor any of his professional colleagues had ever heard of a gun cartridge being damaged in the

way that Police Officer Harrison had described.

On July 22, 2004, the trial court entered a Memorandum and Order denying the §2255

motion.[1]   First, the trial court echoed the prior conclusions of the Third Circuit, that the

performance of the petitioner's trial counsel had been "objectively reasonable" and "[fell] within

the wide range of reasonable professional assistance" as defined by *Strickland v. Washington*,

466 U.S. 668, 689-92 (1984) [*see* Mem. Op.  & Ord., 99-CR-0076-BWK-1 (E. D. Pa.), Record

No. 46, p. 4].

Second, the trial court further agreed with the Third Circuit that Fassnacht's proffered

testimony was merely cumulative.  *Id*.  As the proffered testimony was merely cumulative, the

trial court determined that the petitioner's trial counsel could not be faulted for failing to

introduce same.  *Id*.  Third, the trial court concluded that Fassnacht's proffered testimony would

---

[1] The trial court summarized the trial testimony at Wongus' trial as follows:

> According to the evidence produced at trial, Petitioner was engaged in public gambling when the police arrived and asked his name, at which point Petitioner fled . . . Officer Harrison pursued Petitioner, caught him after about two blocks, and attempted to arrest him . . . Petitioner resisted, and a scuffle ensued. . . .  When the two men fell to the ground, Harrison testified that the petitioner put his free hand into his jacket and removed and threw an object . . . Harrison heard a metallic sound in the area where the petitioner threw the object.  Approximately six feet away, he saw a black handgun lying on the ground . . . Harrison then arrested Petitioner and retrieved the gun . . . The gun barrel contained a bullet with the cartridge separated . . . During closing argument, the prosecutor cited the cartridge separation as evidence that the weapon had been thrown as Harrison claimed . . . .

*See* Mem. Op.  & Ord., 99-CR-0076-BWK-1 (E. D. Pa.), Record No. 46, pp. 1-2.

probably not have produced an acquittal at trial, given that: (1) Fassnacht did not dispute that the events could have happened as described by Officer Harrison, and (2) there was ample other evidence for the jury to conclude that the petitioner possessed the firearm in question. *Id*.

In September, 2004, the petitioner filed a notice of appeal. He sought a certificate of appealability from the trial court, but the trial court denied the application. The January 4, 2005 docket entry in the Trial Court Action reflects that the Court of Appeals dismissed the appeal and denied the petitioner's Request for Certificate of Appealability.

### 3. New York §2241 Petition

Not being deterred by unfavorable decisions, Petitioner Wongus filed a petition seeking a writ of habeas corpus under 28 U.S.C. §2241. He filed the petition in the United States District Court for the Northern District of New York, styled as *Kevin Wongus v. T. R. Craig*, 9:09-CV-0618 (GSL) ("the New York §2241Petition").

In the New York §2241 Petition, the petitioner raised the exact same argument which he raised in his rejected §2255 motion: to wit, that he had ineffective assistance of counsel and newly discovered evidence. On October 5, 2006, the district court in the Northern District of New York dismissed the petition without prejudice, finding that it lacked jurisdiction because the petitioner had not obtained the certification from the Third Circuit to file a second or successive §2255 motion. *See Wongus v. Craig*, 2006 WL 2862219, *2 (N. D. N.Y., October 5, 2006). The New York district court further concluded that the "savings clause" provision of §2255 was not available to the petitioner.[2]

---

2

As the District Court in New York noted, "Pursuant to the 'savings clause' of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is 'inadequate or ineffective to test the validity of his detention.' 28 U.S.C. §2255; *see Triestman v.*

Summarized, the New York court determined that the petitioner's §2255 remedy in the trial court had not been inadequate or ineffective. To the extent that the petitioner based his claim of alleged constitutional violations on the holdings in *Blakely* and *Booker*,[3] the district court in New York rejected the argument. The district court in New York cited numerous Second Circuit and other New York district court decisions which stand for the proposition that *Blakely* and *Booker* decisions do not apply retroactively to cases that have reached final resolution. *See Wongus v. Craig*, 2006 WL 2862219, at *2.

On January 19, 2007, the petitioner filed the instant §2241 petition in which he argues that he was denied effective assistance of counsel at trial. He again argues that the proffered expert testimony of forensic ballistics expert George E. Fassnacht establishes that his trial counsel was ineffective.[4]

---

*United States*, 124 F.3d 361 (2d Cir.1997)." *Wongus v. Craig* 2006 WL 2862219, at *1.

[3]

*Blakely v. Washington*, 524 U.S. 596, 124 S. Ct. 2531 (2004); and (3) *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 749 (2005). In *Blakely*, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory minimum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 124 S. Ct. at 2536.

*Booker* made the *Apprendi* holding applicable to the federal sentencing guidelines. *Booker*, 125 S. Ct. at 756.

[4]

The petitioner also broadly alleges that the Assistant United States Attorney who prosecuted him engaged in prosecutorial conduct by allowing Officer Harrison's testimony concerning how the gun discharged and/or disassembled. He extrapolates that because the Officer Harrison's testimony was contrary to Mr. Fassnacht's opinion, it was false and the prosecutor knew it was false, and thus promoted perjury.

DISCUSSION

The Court must dismiss the instant petition.   As the district court in the Northern District of New York noted, the petitioner's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241.   Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility.   *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).   It is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court.   *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of §2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention.   28 U.S.C. §2255, ¶5.   Before Wongus' claims may be considered on the merits under §2241, the Court must determine whether his remedy under §2255 was truly "inadequate or ineffective."   Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective."   *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law.   *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th

6

Cir. 2002).  Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief.  *Charles*, 180 F.3d 756-758.  The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255.  *Id*. at 758.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance:  where the petitioner presents a viable claim of "actual innocence."  *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004).  Technical  or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim.  Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted.  *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Here, relief under §2241 is not warranted.  Petitioner Wongus previously presented the exact same legal claim, premised upon George Fassnacht's 1999 affidavit (challenging testimony concerning ballistics evidence) in both his direct appeal to the Third Circuit *and* in his §2255 motion in the trial court. *Charles* makes clear that the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied relief.  *Id*. at 758. Since the petitioner did in fact unsuccessfully raise this very claim via §2255 motion in the trial court, he is not entitled to now raise it again under the guise of a §2241 petition.  *Id*.  The petitioner has simply not articulated a claim of actual innocence.

The other claim asserted in the instant petition filed in this Court on January 19, 2007 - - that the Assistant United States Attorney promoted perjured testimony by allowing Officer Harrison to testify about the gun discharging- - is really just an alternative means of advancing

7

his main Sixth Amendment argument that his trial counsel was ineffective for failing to call Fassnacht as an expert ballistics witness.  However, to the extent that it could be considered a separate and distinct due process claim under the Fifth Amendment, the petitioner would still not prevail under § 2241.

Review of the trial court's July 22, 2004 Memorandum, Opinion and Order denying the § 2255 motion reveals that the petitioner *only* challenged the effectiveness of his counsel under the Sixth Amendment [*See* 99-CR-76, Record No. 46, p. 2, n. 2 ] Had the petitioner raised a separate Fifth Amendment due process claim *against the prosecutor*, the trial court would have addressed an allegation as serious as alleged intentional promotion of perjury.

It is clear to this Court that the petitioner did not advance his newly asserted Fifth Amendment claim in his § 2255 motion.  In this Circuit, under *Charles*, a prisoner can not seek relief from his sentence under § 2241 by asserting a claim never before raised in his § 2255 motion in the trial court.  *Charles*, 180 F. 3d. at 758.

The dismissal now is even further supported by the fact that the petitioner unsuccessfully raised the same Sixth Amendment challenge concerning his counsel (as pertains to expert ballistics testimony) in the New York §2241 Petition.  Although that action was dismissed without prejudice, it is not lost on this Court that the New York Court informed Petitioner Wongus--just three months before he filed this §2241--that his §2241 challenge was on legally unsound ground on the merits in that jurisdiction.[5]

---

[5]

The October 5, 2006 decision by the Northern District of New York, in *Wongus v. Craig*, might implicate the doctrine of collateral estoppel.  The doctrine of collateral estoppel prevents parties from relitigating issues that they had a full and fair opportunity to litigate in another forum. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467, 102 S. Ct. 1883, 72 L. Ed.2d 262 (1982).  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 n. 23, 99 S. Ct. 645 (1979) ("[T]he whole premise

CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)      Petitioner Kevin Wongus' petition for a writ of habeas corpus is **DENIED.**

(2)      This action [07-CV-7-HRW] is **DISMISSED WITH PREJUDICE**.

(3)      The Court certifies that any appeal would not be taken in good faith.  28 U.S.C.

§1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v.*

*Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4)      Judgment shall be entered contemporaneously with this memorandum opinion

in favor of the respondent.

This April 9, 2007.

Signed By:

Henry R Wilhoit Jr.

United States District Judge

---

of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further factfinding function to be performed."); *see also Detroit Police Officers Ass'n v. Young*, 824 F.2d 512, 515 (6th Cir.1987))."